# Supreme Court of Florida

_____

No. SC19-884
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE
PROCEDURE 9.120 AND 9.210.**

November 27, 2019
**<u>REVISED OPINION</u>**

PER CURIAM.

The Court has for consideration out-of-cycle amendments to Florida Rules

of Appellate Procedure 9.120 (Discretionary Proceedings to Review Decisions of

District Courts of Appeal) and 9.210 (Briefs) proposed by The Florida Bar's

Appellate Court Rules Committee (Committee). The proposals are in response to a

request by the Court that the Committee propose rule amendments to provide a

procedure for respondents to raise cross-review issues in discretionary review

proceedings in this Court. *See* Fla. R. Jud. Admin. 2.140(f). We have jurisdiction[1]

and amend the rules with the modifications to the proposed amendments to rule

9.120 explained below.

---

1. *See* art. V, § 2(a), Fla. Const.

The proposed amendments to rules 9.120 and 9.210 were unanimously approved by the Board of Governors of The Florida Bar and were published by both the Committee and the Court. No comments were received in response to either publication.

A new subdivision (f) titled "Notices of Cross-Review" is added to rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal). The new subdivision as proposed by the Committee would have required a respondent who intends to raise cross-review issues in a discretionary review case to serve a notice of cross-review within fifteen days of the rendition of this Court's order accepting jurisdiction. However, we have modified new subdivision (f) of the rule to require a notice of cross-review to be served within five days of the service of a timely filed notice to invoke the Court's discretionary jurisdiction. We also have added a requirement that the notice identify the issue(s) the respondent intends to raise on cross-review. We modified the new subdivision because we agree with the Committee's observation in the report that a notice of cross-review filed at the jurisdiction determination stage of a discretionary review case would be beneficial to the Court in deciding whether it should accept jurisdiction in a case in which a basis exists for the Court to exercise its discretionary jurisdiction. Consistent with our change to new subdivision (f), we have amended subdivision (d) (Briefs on Jurisdiction) of rule 9.120 to allow the

petitioner's jurisdictional brief to be served within ten days of the filing of the notice to invoke or the service of a notice of cross-review, if one is filed. Existing subdivision (f) (Briefs on Merits) of rule 9.120 is relettered subdivision (g). Language is added to the second sentence of that subdivision, as proposed by the Committee, to require briefs on cross-review to be served in the same manner as additional briefs under rule 9.210.

Subdivision (a)(5)(B) of rule 9.210 (Briefs) is amended, as proposed, to address the length of merits briefs in a discretionary review case in which a notice of cross-review has been filed. The amendment makes the page limitations for briefs in such a case the same as the page limitations for briefs in a case in which a cross-appeal has been filed. The amendments to subdivision (c) (Contents of Answer Brief) of rule 9.210 clarify that the contents of an answer brief in a case in which a notice of cross-review has been filed are the same as the contents of an answer brief in a case in which a cross-appeal has been filed. Subdivision (e) (Contents of Cross-Reply Brief) of rule 9.210 is amended to apply to cross-reply briefs in both cross-appeal and cross-review cases and to clarify that the cross-reply brief in a cross-review case is limited to rebuttal of the argument in the cross-answer brief.

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by

underscoring; deletions are indicated by struck-through type. The amendments

shall become effective on March 31, 2020, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Thomas D. Hall, Chair, Appellate Court Rules Committee, Tallahassee, Florida, and Courtney Rebecca Brewer, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

**RULE 9.120.        DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a) – (c)        [No Change]**

**(d)    Briefs on Jurisdiction.**  The petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of the filing of the notice to invoke the court's discretionary jurisdiction or the service of a notice of cross-review under subdivision (f) of this rule, if one is filed. The respondent's brief on jurisdiction shall be served within 30 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rule 9.030(a)(2)(A)(v) (certifications of questions of great public importance by the district courts of appeal to the supreme court), no briefs on jurisdiction shall be filed.

**(e)    [No Change]**

**(f)    Notices of Cross-Review.** Within 5 days of the service of a timely filed notice to invoke the court's discretionary jurisdiction, a respondent shall serve a notice of cross-review if the respondent intends to file a cross-initial brief raising any issues independent of those upon which the petitioner sought review. The notice shall identify the issue(s) the respondent intends to raise on cross-review.

**(fg)    Briefs on Merits.** Within 20 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs, including any briefs on cross-review, shall be served as prescribed by rule 9.210.

## Committee Notes

**[No Change]**

**RULE 9.210.     BRIEFS**

**(a)     Generally.** In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:

(1) – (4)     [No Change]

(5)     The page limits for briefs shall be as follows:

(A)     [No Change]

(B)     Except as provided in subdivisions (a)(5)(C) and (a)(5)(D) of this rule, the initial and answer briefs shall not exceed 50 pages and the reply brief shall not exceed 15 pages. If a cross-appeal is filed or a notice of cross-review is filed in the supreme court, the appellee or respondent's answer/cross-initial brief shall not exceed 85 pages, and the appellant or petitioner's reply/cross-answer brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee or respondent's answer/cross-initial brief. Cross-reply briefs shall not exceed 15 pages.

(C) – (E)     [No Change]

(6)     [No Change]

**(b)     [No Change]**

**(c)     Contents of Answer Brief.** The answer brief shall be prepared in the same manner as the initial brief, provided that the statement of the case and of the facts may be omitted, if the corresponding section of the initial brief is deemed satisfactory. If a cross-appeal has been filed or a notice of cross-review has been filed in the supreme court, the answer brief shall include the issues presented in the cross-appeal that are presented for review or cross-review, and argument in support of those issues.

**(d)** [No Change]

**(e)** **Contents of Cross-Reply Brief.** The cross-reply brief is limited to rebuttal of argument ~~of~~in the cross-~~appellee~~answer brief. A table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, a certificate of compliance shall be included in the same manner as in the initial brief.

**(f) – (g)** [No Change]

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**